UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MERT DUYMAYAN,<br><br>    Plaintiff,<br><br>v.<br><br>ROBINHOOD SECURITIES LLC,<br><br>    Defendant. | Case No. 2:25-cv-00220-JAD-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's application to proceed *in forma pauperis* ("IFP") and Complaint. ECF Nos. 1, 1-1. Plaintiff's IFP is complete and granted. Plaintiff's Complaint fails to state a claim as presently drafted. Leave to amend is granted below.

**I.    Screening Standard**

Upon granting Plaintiff's IFP application the Court must screen his Complaint under 28 U.S.C. § 1915(e)(2). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A federal court must dismiss a claim if the action "is frivolous or malicious[,] fails to state a claim on which relief may be granted[,] or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). The standard for dismissing a complaint for failure to state a claim is established by Federal Rule of Civil Procedure 12(b)(6). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions to cure its deficiencies unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). In making this determination, the Court treats all allegations of material fact stated in the complaint as true, and the court construes them in the light most favorable to the plaintiff. *Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

Allegations of a pro se complainant are held to less stringent standards than pleadings drafted by lawyers. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must plead more than mere labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* In addition, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id*. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

Finally, all or part of a complaint may be dismissed *sua sponte* if the plaintiff's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**II.    Plaintiff's Complaint**

Plaintiff's Complaint alleges only one claim—that is, he sold three stocks three days in a row and, presumably, Robinhood Securities did not meet a margin call. ECF No. 1-1 at 4.

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court."

*McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Federal jurisdiction must "be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts also have subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

Here, even assuming diversity of citizenship or that Plaintiff could state a claim under federal law, Plaintiff's Complaint identifies no statute, code, common law, or constitutional provision allegedly violated that would reasonably provide Defendant notice of the basis for the suit. ECF No. 1-1 at 4. Plaintiff also fails to state a plausible factual basis for his damages. *Dubois v. Boskovich*, Case No. 21-cv-03224-SK, 2021 WL 7448625, at *2 (N.D. Cal. July 22, 2021). A plaintiff must present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. 678 (internal quotation omitted). Plaintiff says Defendant did him wrong, but fails to put Defendant on notice of the claims against it as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

**III.    Order**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Application to Proceed *in forma pauperis* (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice. Plaintiff is granted **one opportunity** to file an amended complaint. If Plaintiff files an

3

amended complaint it must establish the basis for jurisdiction either by identifying a claim under a statute, code, common law, or constitutional violation of law by Defendant causing him harm or by pleading diversity factually supporting his claim for damages.  Plaintiff's amended complaint must be complete in and of itself containing all facts and identifying all wrongs committed as the Court cannot refer to Plaintiff's original Complaint when reviewing an amended complaint. Plaintiff's amended complaint **must** be filed no later than **February 27, 2025**.

IT IS FURTHER ORDERED that failure to comply with the content of this Order will result in a recommendation that this matter be dismissed in its entirety.

Dated this 6th day of February, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE