UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MERT DUYMAYAN, <br><br> Plaintiff, <br><br> v. <br><br> ROBINHOOD SECURITIES LLC, <br><br> Defendant. | Case No. 2:25-cv-00220-JAD-EJY <br><br> **ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CASE** |

On 2/18/25, the magistrate judge entered this report and recommendation [ECF No. 5]:

    Pending before the Court is Plaintiff's Amended Complaint. ECF No. 4. Plaintiff was granted *in forma pauperis* status on February 6, 2025. ECF No. 3.

    Plaintiff's Amended Complaint is identical to his original Complaint with the exception of checking the box for federal question rather than diversity jurisdiction. *Compare* ECF Nos. 1-1 *to* 4. Plaintiff continues to allege only one claim; that is, he sold three stocks three days in a row and, presumably, Robinhood Securities did not meet a margin call. ECF No. 4 at 4.

    The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). Federal jurisdiction must "be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

    Federal district courts "have original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district

courts also have subject matter jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a).

Here, even assuming Plaintiff believes he is asserting a claim under federal law, Plaintiff's Amended Complaint identifies no statute, code, common law, or constitutional provision allegedly violated that would reasonably provide Defendant notice of the basis for the suit. ECF No. 4 at 4. Plaintiff also fails to state a plausible factual basis for his damages. *Dubois v. Boskovich*, Case No. 21-cv-03224-SK, 2021 WL 7448625, at *2 (N.D. Cal. July 22, 2021). A plaintiff must present factual allegations sufficient to state a plausible claim for relief. *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010). The pleading standard established by Federal Rule of Civil Procedure 8 "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Aschcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation omitted).

The Court's February 6, 2025 Order granted Plaintiff one opportunity to file an amended complaint. ECF No. 3 at 3. Plaintiff was advised that his Amended Complaint had to establish a basis for jurisdiction either by identifying a claim under a statute, code, common law, or constitutional violation of law by Defendant causing him harm or by pleading diversity jurisdiction. Plaintiff was further advised "that failure to comply with the content of this Order … [would] result in a recommendation that this matter be dismissed in its entirety." *Id*. at 4.

Plaintiff has not complied with the Court's Order. Presently, Plaintiff checks the box for federal question jurisdiction. ECF No. 4 at 3. However, Plaintiff's only basis for his claim is stated as "890 other statutory actions." *Id.* The Court does not know to what Plaintiff refers. The Court could find nothing identifying 890 as a statutory action related to Plaintiff's claim. And, importantly, the Court is not required to supply allegations in order to assist Plaintiff is stating a claim. *Davis v. Sacramento County Sheriff's Dep't,* Case No. CIV S-07-0674 LKK EFB P, 2008 WL 540614, at *3 (E.D. Cal. Feb. 25, 2008) (*pro se* complaints are entitled to a liberal reading, but not to the extent that the liberal interpretation supplies essential elements of a claim that are not pleaded.) (internal citations omitted). Plaintiff has twice stated he filed a complaint with the Securities and Exchange

Commission in May 2024 (ECF Nos. 1-1 at 3, 4 at 3), yet twice failed to identify a federal statute or any other basis that ties to his allegations of wrongdoing to his harm. In sum, Plaintiff simply alleges Defendant did him wrong while failing to put Defendant on notice of the claims against it as required by Rule 8. *Benitez v. Schumacher*, Case No. 2:20-CV-00396-FMO-SHK, 2020 WL 6526352, at *12 (C.D. Cal. May 4, 2020).

Plaintiff has not complied with the Court's February 6, 2025 Order. The Court finds continuing to allow Plaintiff to file amended complaints will not result in a pleading that states a claim. Plaintiff states no basis for his claim of damages in the amount of $5,000,000. "A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim ...." *Wong v. Bell*, 642 F.2d 359, 361 (9th Cir. 1981) (citing 5 C. Wright & A. Miller, Federal Practice and Procedure § 1357 at 593 (1969)). The court must give notice of its intention to dismiss and give the plaintiff some opportunity to respond unless the "[p]laintiffs cannot possibly win relief." *Id*. at 362.

Based on Plaintiff filing the identical pleading twice, despite the Court's instructions regarding the need to state a claim, the Court finds it appropriate to dismiss this matter, giving Plaintiff notice of its recommendation to do so.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 4) be dismissed without prejudice, but without leave to amend.

Dated this 18th day of February, 2025.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

**ORDER ADOPTING REPORT & RECOMMENDATION**

The deadline for any party to object to this recommendation was 3/4/25, and no party filed anything or asked to extend the deadline to do so. "[N]o review is required of a magistrate judge's report and recommendation unless objections are filed." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Having reviewed the report and recommendation, I find

good cause to adopt it, and I do.  IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation **[ECF No.  5] is ADOPTED** in its entirety, **this case is DISMISSED**, and the Clerk of Court is directed to **CLOSE THIS CASE**

_____
U.S. District Judge Jennifer A. Dorsey
Dated: March 5, 2025